**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL D. BOLTON,<br><br>        Plaintiff,<br><br>   v.<br><br>STEVE'S TOWING, ET AL.,<br><br>        Defendants. | Case No. 5:23-cv-00941-JLS-AJR<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |

On May 23, 2023, *pro se* Plaintiff Michael D. Bolton ("Plaintiff"), filed a Complaint alleging violations of 42 U.S.C. § 1983 (the "Complaint") against the following defendants in their individual and official capacities: (1) Steve's Towing, "Marcia" Impounds/Storage Clerk; and (2) "John Jane Doe's, Attendents Steve's Impound Bus. [*sic*]." (Dkt. 1.) On September 1, 2023, the Court dismissed Plaintiff's Complaint with leave to amend for various pleading deficiencies and ordered Plaintiff to file a First Amended Complaint ("FAC"). (Dkt. 9.) On November 16, 2023, Plaintiff filed a FAC naming the following defendants: (1) "the defendant," (2) "john does," (3) "Officer David Thomas," and (4) "the privately owned business and municipality agency." (Dkt. 21.) The Court again

dismissed Plaintiff's FAC on November 22, 2023, for failure to state a Section 1983 claim against non-state actors, failure to allege each defendant's personal participation, and failure to comply with Federal Rule of Civil Procedure 8.  (Dkt. 23.)

Plaintiff subsequently filed a Second Amended Complaint ("SAC") naming (1) Sheriff David Thomas in his individual and official capacity; (2) the owners of Steve's Towing in their individual capacities; (3) John Doe, in his individual capacity; and (4) Jane Doe, in her individual capacity.  (Dkt. 29 at 2-3.)  On March 22, 2024, the Court dismissed Plaintiff's SAC with leave to amend for failure to state a claim under Section 1983 against non-state actors, failure to allege each defendant's personal participation, failure to comply with Federal Rule of Civil Procedure 8, and failure to make sufficient allegations supporting a municipal liability claim under Monell v. N.Y. Cty. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978).  (Dkt. 31.)  The Court directed Plaintiff to file a Third Amended Complaint ("TAC"), if any, by April 21, 2024.  (Id. at 6.)

On May 13, 2024, having not received an amended complaint, the Court issued a Report and Recommendation that the action be dismissed for failure to prosecute.  (Dkt. 32.)  The Court subsequently received and reviewed Plaintiff's April 22, 2024 Motion for Discovery.  (Dkt. 34 (entered on May 29, 2024).)  In the Motion for Discovery, Plaintiff requested discovery to identify the Doe Defendants presumably named in the already-dismissed SAC.  (Id. at 1 ("Plaintiff has requested the information of the defendant in the above . . . John Doe, Jane Doe individuals who towed [Plaintiff's] vehicle in this civil case.").)

On May 30, 2024, the Court issued an order advising Plaintiff that he did not need to identify John and Jane Doe by name in an amended complaint.  (Dkt. 35.)  Accordingly, the Court denied Plaintiff's Motion for Discovery without prejudice as unnecessary at that time.  (Id.)  Further, the Court vacated the May 13, 2024 Report and Recommendation and extended Plaintiff's deadline to file a TAC to July

1, 2024.  (Id. at 2.)  Plaintiff was once again warned that his case could not forward unless and until he filed an amended complaint.  (Id. at 2-3.)  The Court warned that if Plaintiff did not timely file an amended complaint, the Court would recommend that the action be dismissed with prejudice for failure to prosecute and obey court orders.  (Id. at 3.)  On June 11, 2024, Plaintiff filed a Motion for Injunctive Relief.  (Dkt. 36.)

On June 23, 2024, Judge Staton denied Plaintiff's Motion for Injunctive Relief because Plaintiff had not met the standard to justify the extraordinary remedy of injunctive relief.  (Dkt. 37.)  As an initial matter, Plaintiff had not provided either an affidavit or verified complaint to support his factual allegations.  See Fed. R. Civ. P. 65(b)(1)(A).  Moreover, Plaintiff's factual allegations were both conclusory and wholly incredible to the extent Plaintiff sought relief from remote "neural monitoring."  See, e.g., Denton v. Hernandez, 504 U.S. 25, 32 (1992) (courts need not accept factual allegations that are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible).  Furthermore, Judge Staton's order noted that there was no operative complaint to support a request for injunctive relief.  (Dkt. 37 at 4-5.)  Accordingly, Plaintiff could not show a relationship between the injury claimed in the Motion for Injunctive Relief and the conduct asserted in the underlying complaint.  See Pac. Radiation Oncology, LLC, 810 F.3d at 635.  Plaintiff was once again directed to file a TAC and to include a request for injunctive relief, if any, in the amended complaint.  (Dkt. 37 at 5.)

Three weeks have passed since Plaintiff's deadline to file a TAC.  As of today, Plaintiff has not filed an amended complaint or requested an extension of time.  The action cannot move forward unless and until Plaintiff files an amended complaint.  Plaintiff is ordered to file a TAC, if any, by **August 5, 2024** or show cause why the action should not be dismissed with prejudice for failure to prosecute.  If Plaintiff chooses to file a TAC, it should attempt to remedy the pleading defects identified in the March 22, 2024 dismissal order (Dkt. 31), bear the

docket number assigned to this case (5:23-cv-00941-JLS-AJR), be labeled "Third Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other document (except any document that Plaintiff chooses to attach to the TAC as an exhibit). Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant. Should Plaintiff decide to file a TAC, he is strongly encouraged to utilize the form complaint attached to this Order.

**Plaintiff is expressly advised that if he does not file a TAC by the Court's deadline, the Court will recommend that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders.** If Plaintiff no longer wishes to pursue this action or certain claims or defendants, he may voluntarily dismiss the entire action, certain claims, or certain defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.


IT IS SO ORDERED.


DATED: July 22, 2024

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE


Attachments:

CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).

Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner), available at https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.

4